Filing # 107549844 E-Filed 05/15/2020 03:16:26 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Sandra Ohannesian</u>
 Plaintiff
         vs.
<u>Lowes Miami Beach Hotel Operating Company, Inc.</u>
Defendant

**II.    AMOUNT OF CLAIM**

 Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,001</u>

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☐  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Chad Nolan Horowitz</u>
        Attorney or party
FL Bar No.:  <u>494887</u>
        (Bar number, if attorney)
        <u>Chad Nolan Horowitz</u>
        (Type or print name)
    Date:  <u>05/15/2020</u>

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                          CASE NO.:

       Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATTING COMPNAY, INC.,
A Florida Profit Corporation

       Defendants.

_____/

## COMPLAINT

Plaintiff, **SANDRA OHANNESIAN,** by and through the

undersigned counsel, and hereby files this complaint against the

Defendant, **LOEWS MIAMI BEACH HOTEL OPERATTING**

**COMPNAY, INC.,** and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages exceeding Thirty Thousand

Dollars ($30,000.00), exclusive of attorney fees and costs and is within

the jurisdictional limits of this Court.

2.    At all times material hereto, Plaintiff was a resident of Palm

County, Florida.

3.    At all times material hereto, Defendant was and is a Florida

Profit corporation organized in the State of Florida, authorized to and

conducting business in the State of Florida including operating a

1

commercial hotel in Miami-Dade County, Florida.

4.     On May 5, 2019 Defendant owned, operated, maintained and/or controlled the premises located at 1601 Collins Ave, Miami, Florida 33139 in Miami-Dade County and identified as Loews Miami Beach Hotel (referred herein after as "the hotel").

5.     The hotel was open to the public on the above date.

6.     On May 5, 2019 at approximately 12:15 p.m., Plaintiff was in Defendant's hotel as a lawful business invitee.

7.     On the above date and time, Plaintiff slipped, fell and was injured as a result of Defendant's negligence and failure to maintain the hotel in a reasonably safe condition for its business invitees.

8.     Miami-Dade County is the proper venue in this case because the accident occurred in Miami Beach, Miami-Dade County, Florida.

## NEGLIGENCE AGAINST LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC.

9.     Plaintiff re-alleges 1-8 above as if fully stated herein.

10.    On May 5, 2019 Plaintiff slipped and fell inside Defendant's hotel due to the existence of water on the floor, causing Plaintiff to sustain severe and permanent injuries.

11.    At all times material hereto, Defendant, by and through its employees, agents, servants and/or representatives, owed Plaintiff a duty

to maintain the hotel floor in a reasonably safe condition or/and to warn Plaintiff of any latent dangers, including the existence of water on its floor.

12.     Defendant negligently breached its duty of care to Plaintiff in the inspection, maintenance and operation of the subject hotel in, among other things:

    a. Negligently maintaining the hotel floor through its employees, agents, servants and/or representatives by allowing water to remain on the floor, near the VIP office check-out counter of the hotel and causing the Plaintiff to slip and fall;

    b. Failing to adequately inspect and/or warn business invitees, such as Plaintiff, of the existence and dangers associated with water on the hotel floor;

    c. Failing to block, isolate or otherwise prevent business invitees, such as Plaintiff, from walking in and around such dangerous and hazardous slippery substance on the hotel floor;

    d. Failing to supervise, monitor and/or direct its employees, agents, servants and/or representatives in maintaining the hotel floor in a reasonably safe condition for Defendant's

3

business invitees, including Plaintiff;

e. Failure to implement and follow reasonable policies and inspection procedures for removing and cleaning substances on the hotel floor, such as water, that might pose a slipping hazard to business invitees such as Plaintiff.

13.   Defendant knew or should have known of the negligent condition on the floor or that the condition existed for a sufficient length of time so that Defendant should have discovered it in the exercise of reasonable and due are.

14.   Defendant knew or should have known that the negligent condition on the hotel floor created a foreseeable zone of risk, posing a general threat of harm to business invitees such as Plaintiff.

15.   On May 5, 2019, as a direct and proximate result of Defendant's breach of duty and negligence, Plaintiff slipped and fell on the floor inside Defendant's hotel. As a result, Plaintiff suffered severe personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiff will continue to suffer those losses in the future.

4

**WHEREFORE,** Plaintiff demands judgment for compensatory damages within the jurisdictional limits of this Court against the Defendant together with costs of suit and any other relief this Court deems just and proper.  Plaintiff further **DEMANDS A TRIAL BY JURY.**

CHAD N. HOROWITZ, ESQ.
Fla. Bar# 494887
1375 Gateway Blvd.
Boynton Beach, FL 33426
(P) (561) 767-3015
(F) (561) 364-1604
*Counsel for Plaintiff*

*CASE NO.:2020-010506-CA*

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                               CASE NO.:  2020-010506-CA

               Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATTING COMPNAY, INC.,
A Florida Profit Corporation

               Defendants.
_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint
or Petition in this action on the Defendant:

      **Lowes Miami Beach Hotel Operating Company, Inc.**
      **c/o The Prentice-Hall Corporation System, Inc.**
           **1201 Hays St., Suite 105**
           **Tallahassee, FL 32301**

     Each Defendant is required to serve written defenses to the complaint or petition
on CHAD N. HOROWITZ, ESQ., Plaintiffs attorney, whose address is 1375
Gateway Blvd., Boynton Beach, FL. 33426, within 20 days after service of this
summons on that Defendant, exclusive of the day of service, and to file the original
of the defenses with the clerk of this court either before service on Plaintiffs
attorney or immediately thereafter. If a Defendant fails to do so, a default will be
entered against that Defendant for the relief demanded in the complaint or petition.

DATED on                                              As Clerk of the Court

     By_____

                                              As Deputy Clerk

Filing # 107610320 E-Filed 05/18/2020 12:51:25 PM

*CASE NO.:2020-010506-CA*

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                              CASE NO.: 2020-010506-CA

        Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATTING COMPNAY, INC.,
A Florida Profit Corporation

        Defendants.

_____/

## **<u>SUMMONS</u>**

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on the Defendant:

    **Lowes Miami Beach Hotel Operating Company, Inc.**
    **c/o The Prentice-Hall Corporation System, Inc.**
        **1201 Hays St., Suite 105**
        **Tallahassee, FL 32301**

    Each Defendant is required to serve written defenses to the complaint or petition on CHAD N. HOROWITZ, ESQ., Plaintiffs attorney, whose address is 1375 Gateway Blvd., Boynton Beach, FL. 33426, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED on                                                         As Clerk of the Court

By_____

                                As Deputy Clerk

*CASE NO.:2020-010506-CA*

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                    CASE NO.: 2020-010506-CA

       Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation

       Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, **SANDRA OHANNESIAN,** by and through the

undersigned counsel, and hereby files this Amended complaint against the

Defendant, **LOEWS MIAMI BEACH HOTEL OPERATING**

**COMPANY, INC.,** and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages exceeding Thirty Thousand

Dollars ($30,000.00), exclusive of attorney fees and costs and is within

the jurisdictional limits of this Court.

2.    At all times material hereto, Plaintiff was a resident of Palm

County, Florida.

3.    At all times material hereto, Defendant was and is a Florida

Profit corporation organized in the State of Florida, authorized to and

conducting business in the State of Florida including operating a

1

*CASE NO.:2020-010506-CA*

commercial hotel in Miami-Dade County, Florida.

4.     On May 5, 2019 Defendant owned, operated, maintained and/or controlled the premises located at 1601 Collins Ave, Miami, Florida 33139 in Miami-Dade County and identified as Loews Miami Beach Hotel (referred herein after as "the hotel").

5.     The hotel was open to the public on the above date.

6.     On May 5, 2019 at approximately 12:15 p.m., Plaintiff was in Defendant's hotel as a lawful business invitee.

7.     On the above date and time, Plaintiff slipped, fell and was injured as a result of Defendant's negligence and failure to maintain the hotel in a reasonably safe condition for its business invitees.

8.     Miami-Dade County is the proper venue in this case because the accident occurred in Miami Beach, Miami-Dade County, Florida.

## NEGLIGENCE AGAINST LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC.

9.     Plaintiff re-alleges 1-8 above as if fully stated herein.

10.    On May 5, 2019 Plaintiff slipped and fell inside Defendant's hotel due to the existence of water on the floor, causing Plaintiff to sustain severe and permanent injuries.

11.    At all times material hereto, Defendant, by and through its employees, agents, servants and/or representatives, owed Plaintiff a duty

CASE NO.:2020-010506-CA

to maintain the hotel floor in a reasonably safe condition or/and to warn Plaintiff of any latent dangers, including the existence of water on its floor.

12.   Defendant negligently breached its duty of care to Plaintiff in the inspection, maintenance and operation of the subject hotel in, among other things:

> a. Negligently maintaining the hotel floor through its employees, agents, servants and/or representatives by allowing water to remain on the floor, near the VIP office check-out counter of the hotel and causing the Plaintiff to slip and fall;
>
> b. Failing to adequately inspect and/or warn business invitees, such as Plaintiff, of the existence and dangers associated with water on the hotel floor;
>
> c. Failing to block, isolate or otherwise prevent business invitees, such as Plaintiff, from walking in and around such dangerous and hazardous slippery substance on the hotel floor;
>
> d. Failing to supervise, monitor and/or direct its employees, agents, servants and/or representatives in maintaining the hotel floor in a reasonably safe condition for Defendant's

3

*CASE NO.:2020-010506-CA*

business invitees, including Plaintiff;

    e.  Failure to implement and follow reasonable policies and inspection procedures for removing and cleaning substances on the hotel floor, such as water, that might pose a slipping hazard to business invitees such as Plaintiff.

13.    Defendant knew or should have known of the negligent condition on the floor or that the condition existed for a sufficient length of time so that Defendant should have discovered it in the exercise of reasonable and due are.

14.    Defendant knew or should have known that the negligent condition on the hotel floor created a foreseeable zone of risk, posing a general threat of harm to business invitees such as Plaintiff.

15.    On May 5, 2019, as a direct and proximate result of Defendant's breach of duty and negligence, Plaintiff slipped and fell on the floor inside Defendant's hotel.  As a result, Plaintiff suffered severe personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, loss of ability to earn money.  The losses are either permanent or continuing in nature and Plaintiff will continue to suffer those losses in the future.

4

*CASE NO.:2020-010506-CA*

**WHEREFORE,** Plaintiff demands judgment for compensatory damages within the jurisdictional limits of this Court against the Defendant together with costs of suit and any other relief this Court deems just and proper.  Plaintiff further **DEMANDS A TRIAL BY JURY.**

CHAD N. HOROWITZ, ESQ.
Fla. Bar# 494887
1375 Gateway Blvd.
Boynton Beach, FL 33426
(P) (561) 767-3015
(F) (561) 364-1604
*Counsel for Plaintiff*

*CASE NO.:2020-010506-CA*

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                                    CASE NO.: 2020-010506-CA

       Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation

       Defendants.

_____/

## **AMENDED SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Amended summons and a copy of the
Amended Complaint or Petition in this action on the Defendant:

      **Loews Miami Beach Hotel Operating Company, Inc.**
      **c/o The Prentice-Hall Corporation System, Inc.**
        **1201 Hays St., Suite 105**
        **Tallahassee, FL 32301**

    Each Defendant is required to serve written defenses to the complaint or petition
on CHAD N. HOROWITZ, ESQ., Plaintiffs attorney, whose address is 1375
Gateway Blvd., Boynton Beach, FL. 33426, within 20 days after service of this
Amended summons on that Defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on
Plaintiffs attorney or immediately thereafter. If a Defendant fails to do so, a default
will be entered against that Defendant for the relief demanded in the Amended
complaint or petition.

DATED on                                               As Clerk of the Court

    By_____

                            As Deputy Clerk

Filing # 108131768 E-Filed 05/29/2020 02:05:39 PM

*CASE NO.:2020-010506-CA*

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                                    CASE NO.: 2020-010506-CA

      Plaintiff,

vs.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation

      Defendants.

_____/

## **AMENDED SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Amended summons and a copy of the
Amended Complaint or Petition in this action on the Defendant:

      **Loews Miami Beach Hotel Operating Company, Inc.**
      **c/o The Prentice-Hall Corporation System, Inc.**
          **1201 Hays St., Suite 105**
          **Tallahassee, FL 32301**

    Each Defendant is required to serve written defenses to the complaint or petition
on CHAD N. HOROWITZ, ESQ., Plaintiffs attorney, whose address is 1375
Gateway Blvd., Boynton Beach, FL. 33426, within 20 days after service of this
Amended summons on that Defendant, exclusive of the day of service, and to file
the original of the defenses with the clerk of this court either before service on
Plaintiffs attorney or immediately thereafter. If a Defendant fails to do so, a default
will be entered against that Defendant for the relief demanded in the Amended
complaint or petition.

DATED on   6/1/2020                       As Clerk of the Court

By _____
             219401                  As Deputy Clerk

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                    CIRCUIT CIVIL DIVISION

     Plaintiff,                      CASE NO.: 20-010506 CA 05

v.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation,

     Defendant.
_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that **Maria E. Dalmanieras, Esq.** of the law firm of Boyd Richards Parker & Colonnelli, P.L., 100 SE 2nd Street, Suite 2600, Miami, Florida 33131, hereby notices her appearance as counsel for Defendant, LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC., and requests that copies of all future pleadings, etc., filed in this case be directed to her.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court via the Florida Courts E-Filing Portal and furnished to the following counsel of record on the 23rd day of June, 2020: **Chad N. Horowitz, Esq.** *(Attorney for Plaintiff)* horowitzlaw@bellsouth.net, 1375 Gateway Blvd., Boynton Beach, FL 33426.

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
***Counsel for Defendant***
100 SE 2nd Street, Suite 2600
Miami, FL 33131
Tel: (786) 425-1045/ Fax: (786) 425-3905
Primary Email: servicemia@boydlawgroup.com
Secondary Email: mdalmanieras@boydlawgroup.com
                 hvidal@boydlawgroup.com

By:    */s/ Maria E. Dalmanieras*
      MARIA E. DALMANIERAS, ESQ.
      Florida Bar No.: 179825

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,                    CIRCUIT CIVIL DIVISION

       Plaintiff,                        CASE NO.: 20-010506 CA 05

v.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO THE AMENDED COMPLAINT

Defendant, LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC., pursuant to 1.090(b), Florida Rules of Civil Procedure, hereby moves for an enlargement of time to respond to Plaintiff's Amended Complaint, and says:

1.    Defendant was served with Plaintiff's Amended Complaint on June 3, 2020. Accordingly, Defendant's response thereto is due on June 23, 2020.

2.    Defense counsel was only recently retained to represent the Defendant and has not had enough time to adequately review the allegations and the facts herein to respond to Plaintiff's Complaint.

3.    The Defendant has meritorious defenses, and no prejudice will result to Plaintiff if this Motion is granted and an enlargement of time is allowed. Conversely, Defendant will be severely prejudiced if not allowed additional time to respond to Plaintiff's Complaint. Moreover, additional time may allow the narrowing of issues to be litigated in this matter.

WHEREFORE, Defendant, LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC., hereby requests that the Court enter an Order allowing it fifteen (15) additional days from the date of the Order granting this motion in which to respond to Plaintiff's Amended Complaint.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court via the Florida Courts E-Filing Portal and furnished to the following counsel of record on the 23rd day of June, 2020: **Chad N. Horowitz, Esq.** *(Attorney for Plaintiff)* horowitzlaw@bellsouth.net, 1375 Gateway Blvd., Boynton Beach, FL 33426.

> **BOYD RICHARDS PARKER & COLONNELLI, P.L.**
> ***Counsel for Defendant***
> 100 SE 2nd Street, Suite 2600
> Miami, FL 33131
> Tel: (786) 425-1045/ Fax: (786) 425-3905
> Primary Email: servicemia@boydlawgroup.com
> Secondary Email: mdalmanieras@boydlawgroup.com
> hvidal@boydlawgroup.com
>
>
> By: ___*/s/ Maria E. Dalmanieras*___
> MARIA E. DALMANIERAS, ESQ.
> Florida Bar No.: 179825

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA OHANNESIAN,

      Plaintiff,

v.

LOEWS MIAMI BEACH HOTEL
OPERATING COMPANY, INC.,
A Florida Profit Corporation,

      Defendant.

_____/

CIRCUIT CIVIL DIVISION

CASE NO.: 20-010506 CA 05

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
## DEMAND FOR JURY TRIAL
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC., in answer to Plaintiff's Amended Complaint, says:

1.     It admits that it operated the premises located at 1601 Collins Avenue in Miami Beach, Florida on May 5, 2019 as alleged in paragraph 4 and denies the remainder of the allegations contained therein not heretofore specifically admitted.

2.     It denies each and every remaining allegation contained therein not heretofore specifically admitted.

3.     It is not guilty.

4.     It affirmatively alleges that, at the time and place set forth therein, Plaintiff, SANDRA OHANNESIAN, was under a duty to exercise due care in her own regard, but, notwithstanding that duty, she so negligently and carelessly conducted herself in the premises such that her conduct was the sole and proximate cause of and/or a contributing

cause to the events of which she complains.   Plaintiff's right to recovery therefore is defeated or diminished as a result of said conduct.

5.      It affirmatively alleges that it is entitled to a setoff for the amount of any and all moneys paid to Plaintiff and/or recovered by her in any manner, and for the amount of any and all discounted expenses, from judgment or otherwise, from any party or non-party to this action.

6.      It affirmatively alleges that Plaintiff failed to mitigate her damages. Plaintiff's right to recovery therefore is defeated or diminished as a result of said conduct.

7.      It affirmatively alleges that there was no negligence on the part of Defendant that caused injury to Plaintiff as alleged in the Amended Complaint.   Plaintiff's right to recovery therefore is defeated.

8.      It affirmatively alleges that Plaintiff, SANDRA OHANNESIAN's physical injuries, damages, and/or conditions, if any, were pre-existing and/or caused by the natural progression of an underlying disease or illness, and not proximately caused by any trauma as alleged in the Amended Complaint.   Plaintiff's right to recovery therefore is defeated.

9.      It affirmatively alleges that Plaintiff, SANDRA OHANNESIAN's injuries, if any, were caused by the intervening and/or superseding negligence of Plaintiff.   Plaintiff's right to recovery therefore is defeated or diminished as a result thereof.

10.      It affirmatively alleges that Plaintiff's injuries, if any, were caused by the intervening and/or superseding negligence of third-parties over which this Defendant had no control.   Plaintiff's right to recovery therefore is defeated or diminished as a result thereof.

11.    It affirmatively alleges that the dangerous condition of which Plaintiff complains was open and obvious.  Plaintiff's right to recovery therefore is defeated or diminished as a result thereof.

12.    It affirmatively alleges that there was no duty to warn Plaintiff, SANDRA OHANNESIAN, on the part of Defendant of the hazardous condition alleged herein. Plaintiff's right to recovery therefore is defeated as a result thereof.

13.    It affirmatively alleges that pursuant to the §768.0755, Florida Statutes, Plaintiff has the burden to prove that the Defendant was on notice of the alleged dangerous condition and should have taken action to remedy it, in the absence thereof, her claim for damages is defeated.

## DEMAND FOR JURY TRIAL

Defendant, LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC., hereby demands trial by jury on all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court via the Florida Courts E-Filing Portal and furnished to the following counsel of record on the 6th day of July, 2020: **Chad N. Horowitz, Esq.** *(Attorney for Plaintiff)* horowitzlaw@bellsouth.net, Law Offices of Chad Nolan

<u>Sandra Ohannesian v. Loews Miami Beach Hotel</u>
11th Judicial Circuit Court Case No.: 20-010506 CA 05
Page 4

Horowitz, P.A., 1375 Gateway Blvd., Boynton Beach, FL 33426.

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
***Counsel for Defendant***
100 SE 2nd Street, Suite 2600
Miami, FL 33131
Tel: (786) 425-1045/ Fax: (786) 425-3905
Primary Email: servicemia@boydlawgroup.com
Secondary Email: mdalmanieras@boydlawgroup.com
                hvidal@boydlawgroup.com


By:    */s/ Maria E. Dalmanieras*

     MARIA E. DALMANIERAS, ESQ.
     Florida Bar No.: 179825